IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY K. PEARSALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-22-1367 |
| J. KUCHARCZYK, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Danny K. Pearsall has filed suit alleging that James Kucharczyk, a Commitment Records Specialist with the Maryland Division of Correction ("DOC"), improperly calculated Pearsall's sentence, in violation of the Fifth, Sixth, Eighth, Ninth, Eleventh, and Fourteenth Amendments to the United States Constitution.[1] ECF Nos. 1, 4. Pearsall seeks $500,000 in monetary damages. ECF No. 4 at 5.

Defendant has moved to dismiss the claims or alternatively for summary judgment in his favor. ECF Nos. 16, 16-1. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Pearsall of his right to respond. Pearsall has not only responded to the motion (ECF No. 17), he has moved for summary judgment in his favor, as well as for appointment of counsel and to subpoena and summon the defense counsel in his state criminal case. ECF Nos. 7, 21, 27, 28, 29; *see also State of Maryland v. Danny K. Pearsall*, Case No. C-03-CR-20-001577 (Cir. Ct. for Balt. Cnty.).

---

[1] Previously, the Court advised Pearsall that if he wished to challenge the fact or duration of his confinement sentence, he could file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 3 at 1 n.1 (citing *In re Vial*, 1 15 F.3d l 192, 1 194 n.5 (4th Cir. 1997) (stating that a § 2241 petition may be filed to attack the manner in which a sentence is executed). Pearsall has not yet filed such a petition.

The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, Defendant's Motion to Dismiss shall be granted and Plaintiff's motions shall be denied.

I.   **Background**

On January 31, 2022, the Baltimore County Circuit Court sentenced Pearsall to seven years' imprisonment for various handgun offenses. ECF No. 4. The Amended Complaint alleges that Defendant negligently erred in calculating Pearsall's sentence expiration date as March 6, 2032. ECF No. 4 at 2-4. Defendant attests that the initial calculation was wrong but has since been corrected, reducing the mandatory release date substantially. ECF No. 16-2.

II.   **Standard of Review**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "A court considering a motion to dismiss can choose to

2

begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III.    Discussion

The Amended Complaint pursues a money damages claim under 42 U.S.C. § 1983 for the alleged erroneous sentence computation. ECF No. 1. Section 1983 provides the sole vehicle to sue a person who, acting under color of law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

The Amended Complaint, asserts without explanation, that an erroneous but since-corrected sentence computation violates Pearsall's rights under the Fifth, Sixth, Eighth, Ninth, Eleventh, and Fourteenth Amendments to the United States Constitution. *See* ECF No. 4. This conclusory incantation of alleged constitutional violations is insufficient to make the claim plausible. *Performance Food Grp., Inc.*, 16 F. Supp. 3d at 588 (quoting *Twombly*, 550 U.S. at 555). Further, to the extent Pearsall challenges the "fact or *length* of his custody," he cannot pursue the claim under Section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added and citation omitted). A challenge to the "very fact or duration of his physical imprisonment," must be brought as a petition for writ of habeas corpus. *Id.* at 500.

The Amended Complaint, at best, avers a negligent miscalculation in the length of Pearsall's sentence; but this alone does not make plausible that any of Pearsall's constitutional rights were violated. *See Farmer v. Baltimore Cnty. Dep't of Corr.*, No. CIV. CCB-11-2126, 2012 WL 3155650, at *4 (D. Md. July 31, 2012) (dismissing complaint that challenged, *inter alia*,

calculation of term of imprisonment by local and state authorities).[2]  Defendant's Motion to Dismiss shall be granted and, consequently, Pearsall's motions for summary judgment shall be denied.  Because the case is not proceeding, Pearsall's motions for counsel, as well as to subpoena and summon his trial counsel, shall also be denied.

### IV. Conclusion

Based on the foregoing, Defendant's Motion to Dismiss is granted and Pearsall's motions are denied.  A separate Order follows.

  5/18/23                                                            /S/
_____                                          _____
Date                                                              Paula Xinis
                                                                  United States District Judge

---

[2] To the extent the Amended Complaint pleads state common law claims, the Court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).